[No. 1992]
## Ex Parte SPENCER

1. HABEAS CORPUS — EXTRADITION — IDENTITY OF PRISONER — SUF-
   FICIENCY OF EVIDENCE.
   　　Upon a petition for discharge from arrest on a warrant of
   extradition, evidence as to petitioner's identity with the person
   wanted in another state *held* to preponderate in favor of peti-
   tioner, and to require his discharge.

ORIGINAL PROCEEDING. In the matter of the applica-
tion of A. L. Spencer for a writ of *habeas corpus*. **Peti-
tioner discharged.**

*J. E. Guinane* and *L. B. Fowler*, for Petitioner.

*Cleveland H. Baker*, Attorney-General, and *M. B.
Moore*, for Respondent.

*Per Curiam:*

This is an original proceeding in *habeas corpus*. The
petition alleged that the petitioner was unlawfully
restrained of his liberty by J. D. Hillhouse, chief of police
of the city of Reno.

The petition and the return upon the writ raised the
sole question of the identity of the petitioner as being
the same person wanted by the State of Illinois, and
known in the latter state as W. Williams.

It appears from the evidence, oral and documentary,
offered that the said chief of police, J. D. Hillhouse, on
the 26th day of June, 1911, arrested, in the said city of
Reno, one Carl Carol, wanted by the State of Illinois for
the crime of burglary. At the same time the chief of
police arrested the petitioner, who was with Carol, upon
the suspicion that he was the same person who had been
jointly indicted with the said Carl Carol, in the State of
Illinois, for the said crime. After arresting Carol and
the petitioner, Chief Hillhouse wired to the Illinois
authorities to the effect that he had arrested Carol and
the petitioner, and in the telegram he included a descrip-
tion of the petitioner. It appears that the person jointly

indicted with Carol had previously been arrested and convicted, but that the authorities of Illinois suspicioned a third party, known in that state as W. Williams, as being implicated in the burglary, and the description furnished by Chief Hillhouse answered substantially to the description of said Williams. Accordingly a complaint was filed in the county of Warren, State of Illinois, where the said burglary had been committed, charging "W. Williams, alias A. L. Spencer," as having committed said crime.

An application was made to the governor of Illinois for a requisition upon the governor of the State of Nevada for the return of "W. Williams, alias A. L. Spencer," to the latter state, and upon such requisition the governor of Nevada issued his executive warrant, and upon such executive warrant the duly authorized agent of the State of Illinois, named in the requisition papers, claims the right to take the petitioner from this state back to the State of Illinois for trial.

The burglary in question is alleged to have been committed on the 31st day of January, 1911. Upon the hearing, counsel for the petitioner submitted the testimony of the father and stepmother of the petitioner and another witness, residents of San Francisco, Cal. These three witnesses testified that the petitioner was in San Francisco continuously from the 10th day of January, 1911, to the 7th day of March following, and was residing during all of that time at the home of petitioner's father in San Francisco. A bill for a musical instrument, testified to have been purchased by petitioner from a leading musical house in San Francisco, made out in his true name and dated January 13, 1911, and other documentary evidence was offered, corroborating petitioner's witnesses.

In opposition to this testimony, the attorney-general submitted, on behalf of the State of Illinois, the testimony of a railroad and express agent at the town of Abingdon, Ill., who testified that he had seen the person known as W. Williams, wanted by the latter state, in company with the said Carol, in his office on the 9th day

of January of this year. When the latter witness arrived in Reno, the petitioner and the said Carol were brought into his presence, together with two other prisoners then in the city jail, and the witness identified Carol and the petitioner as the two parties wanted. In testifying as to his identification of the petitioner as being the same person as Williams, he stated that he had only seen Williams for a period of five minutes, and, when asked if he would positively identify the petitioner as being the man Williams whom he had seen in his office on January 9th, he answered that he would not swear positively that he was the same man, but that he believed him so to be.

The witnesses who testified in the proceeding, both for and against the petitioner, were all persons of standing, and the court has no doubt that all were testifying truthfully. Upon the conclusion of the testimony, the court indicated to counsel that, unless the authorities of the State of Illinois could present some further testimony more positively identifying the petitioner as being the same person as W. Williams, wanted by the latter state, the court would be disposed to discharge the petitioner. The court was thereupon advised, through the attorney-general, that the authorities of Illinois had a witness who could postively identify the said Williams, and that if a continuance were granted an effort would be made to produce such witness. Accordingly a continuance was taken for ten days to permit further testimony being offered upon the part of the authorities of Illinois. The time having expired and the attorney-general having advised the court that the authorities of the State of Illinois would make no further attempt to identify the petitioner as the person wanted in the latter state, and the evidence submitted strongly preponderating in favor of the petitioner, the court is of the conclusion that the petitioner should be discharged, and it is so ordered.