[No. 2101]

## IN THE MATTER OF THE APPLICATION OF F. H. KUHNS FOR WRIT OF HABEAS CORPUS.

1. EXTRADITION — HABEAS CORPUS — PRIOR DISCHARGE, WHEN NOT AVAILABLE.

   In a proceeding in *habeas corpus* where petitioner seeks to be discharged from arrest on an executive warrant issued by the governor of this state upon extradition papers from the governor of a sister state, the fact that petitioner has been previously discharged by a district court from arrest based upon a mere copy of an alleged indictment found in a foreign state, which copy through clerical error shows that the offense charged is barred by the statute of limitations, is of no avail to the petitioner when the extradition papers do not contain such clerical error, but properly charge a public offense committed within the demanding state.

2. HABEAS CORPUS—QUESTIONS OF FACT.

   In proceedings in *habeas corpus* disputed questions of fact will not be regarded as controlling.

3. CRIMINAL LAW—ABANDONMENT—HUSBAND AND WIFE.

   Where husband and wife are living separate and apart under a written agreement of separation, there can be no abandonment of the latter by the former.

4. EXTRADITION—FUGITIVE FROM JUSTICE—HABEAS CORPUS.

   A person held upon an executive warrant may upon *habeas corpus* proceedings show that he is not a fugitive from justice and upon such showing is entitled to be discharged.

5. EXTRADITION—FUGITIVE FROM JUSTICE—ACCESSORY.

   A person who was not within the demanding state at the time the crime is alleged to have been committed, unless an accessory, is not a fugitive from justice.

6. EXTRADITION—FUGITIVE FROM JUSTICE—CONSTRUCTIVE PRESENCE.

   A person, though not within a foreign state at the time he is charged in extradition papers with the commission of a

crime therein, may nevertheless be a fugitive from the justice of such foreign state, if he was an accessory to such crime or the same was committed through his agent. Under such a state of facts he will be deemed to have had a constructive presence within such foreign state at the time of the commission of the crime.

ORIGINAL PROCEEDING. F. H. Kuhns applies for writ of *habeas corpus* for discharge from arrest upon an executive warrant issued upon extradition papers from the State of Pennsylvania in which petitioner was charged in the latter state with the crime of abandonment of his wife and minor child. *Held,* that petitioner was not in the demanding state when the offense was alleged to have been committed and was not a fugitive from justice. **Petitioner discharged.**

The facts sufficiently appear in the opinion.

*Alfred Chartz,* for Petitioner.

*G. J. Shaffer,* of the Pennsylvania bar, was heard *contra.*

By the Court, TALBOT, C. J.:

Petitioner seeks to be discharged from arrest under a warrant issued by the governor of the State of Nevada on extradition papers from the State of Pennsylvania.

Under copies duly authenticated by the signature of the presiding judge and clerk and seal of the court, and accompanying the requisition papers, it appears that in the court of quarter sessions of the peace for the county of Allegheny, State of Pennsylvania, on November 12, 1913, an indictment was returned, charging that on the 1st day of April, 1913, the petitioner, at the county of Allegheny, did separate himself from and neglect to maintain his wife and minor child. Acting upon what is shown upon the face of these papers, and without taking testimony, the governor of this state issued his warrant for the arrest and extradition of petitioner, and it is from this arrest and extradition warrant that he seeks to be released.

1. Prior to the arrival of the extradition papers, the sheriff of Ormsby County arrested the petitioner after

receiving a copy of the indictment, which charged the desertion and nonsupport of the wife and child to have been in the year 1900. Application was made to the district court for a writ of *habeas corpus*. It was contended that the offense as shown by the copy of the indictment was barred by the statute of limitations, and last Friday the district court ordered the discharge of the petitioner. As the date given for the alleged offense in that copy of the indictment was evidently a clerical error, which does not appear in the copy of the indictment accompanying the extradition papers, this objection does not avail the petitioner in this proceeding, for he now seeks his discharge from the warrant of the governor, issued upon the papers containing a duly certified copy of the indictment alleging the offense to have been committed on the 1st day of April, 1913.

2. From the evidence presented for our consideration, it appears without contradiction that on the 27th day of May, 1910, the petitioner and his wife entered into a written agreement to live separate and apart from each other, and for the payment by the petitioner of $50 per month in advance, for the support of his wife and minor son, to the wife, who in addition received the rental of $20 per month or $15 per month from a dwelling house; that petitioner made the monthly payments under the agreement to and including the month of April, 1913, and that the last of these payments was made in advance for that month by check drawn by petitioner and dated April 1, 1913; that he has since failed to make the payments, but has contributed a small amount toward the support of the minor son, and that, prior to any delinquency in payments or failure to support, he left the State of Pennsylvania on the 29th day of March, 1913, and has not since returned there, and has resided in the State of Nevada since his arrival here on the 3d day of April, 1913.

The indictment was found upon the testimony of the wife of the petitioner. In her detailed sworn "Statement of Circumstances of Aggravation," accompanying the requisition papers, she states, among other things,

that the petitioner separated himself from her and his child on the 1st day of April, 1910, without reasonable cause, and has since that day refused to live with or make his home with her; that on or about the 30th day of March, 1913, the petitioner closed his office in the city of Pittsburg, where he was practicing as a specialist in the treatment of the eye, ear, nose and throat for a number of years, and gave his accounts into the hands of a collection agency, and absolutely discontinued his business in the city of Pittsburg, and that ever since March 30, 1913, petitioner has wilfully neglected to maintain her and their son, and that they are wholly dependent on their earnings for adequate support, aside from the income of about $15 monthly rental from a piece of property belonging to her. In this proceeding disputed facts are not regarded as in any way controlling, and if these statements made in her affidavit may be considered as contradicting the direct evidence of the petitioner that he drew his check on the 27th day of March, 1913, dated the 1st day of April, 1913, for the payment in advance for April, according to the agreement for supporting her and the boy, which has been introduced in evidence, nevertheless the "Statement of Circumstances of Aggravation" accompanying the papers does not show that there was any failure on his part to keep the agreement or to support her and the son until after he left the State of Pennsylvania, while according to his testimony and under the written agreement there was no default on his part for more than a month after his departure from that state.

3. As the agreement of separation was in force, there was no abandonment of the wife. Any failure to support her or the son did not occur while petitioner was in the State of Pennsylvania.

4-6. If, as contended, we are not to consider the undisputed evidence that the petitioner was not delinquent in performing the conditions of his contract and did not fail to support his wife and child until more than a month after he left the State of Pennsylvania, and that under the admitted facts no conviction could be obtained

under the indictment, and that the holding and taking of the petitioner for trial would result in fruitless expense to the State of Pennsylvania and unnecessary hardships to petitioner, the question remains whether he is a fugitive from justice, subject to extradition, when it appears beyond dispute that he was not in the State of Pennsylvania at the time he is alleged by the indictment to have committed the misdemeanor there. A person while in one state may be guilty of the commission of a crime in another state, when he is operating with an agent or accessory there, as in *Re Cook*, 49 Fed. 833, in which the accused was convicted of receiving deposits in an insolvent bank mostly owned by him in the State of Wisconsin while he was in Chicago, and the case of *State* v. *Chapman*, 6 Nev. 320, in which it was held that one of the accused persons who went to the State of California, and from there telegraphed his accomplices in the robbery when the treasure would be shipped, was properly convicted as an accessory before the fact in this state. There is no principle of the law relating to agency or accessory by which the petitioner can be held. He did not, with the assistance of any other person in Pennsylvania, commit the offense charged after he came to Nevada. His acts in selling his furniture and placing his accounts with a collection agency before he left the State of Pennsylvania did not constitute or result in any crime.

It has been held often that the court may hear testimony and discharge a person held under a warrant for extradition if the undisputed facts justify his release or show that he is not a fugitive from justice. (*Ex Parte Smith*, 35 Nev. 80.)

In *habeas corpus* proceedings before the Circuit Court of the United States for the District of Maryland, in *Bruce* v. *Raynor*, 124 U. S. 481, under an indictment for bigamy alleged to have been committed more than two years before the finding of the indictment in a state in which that offense is barred within two years unless the accused flees from justice, the petitioner was allowed to prove that he remained in that state without being concealed for more than two years after the date of the

alleged offense, and it was held that such evidence would not go to any matter of defense, but tended to prove that the petitioner was not a fugitive from justice.

In *Ex Parte Reggel*, 114 U. S. 651, the court said: "The only question remaining to be considered relates to the alleged want of competent evidence before the governor of Utah, at the time he issued the warrant of arrest, to prove that the appellant was a fugitive from the justice of Pennsylvania. Undoubtedly, the act of Congress did not impose upon the executive authority of the territory the duty of surrendering the appellant, unless it was made to appear, in some proper way, that he was a fugitive from justice. In other words, the appellant was entitled, under the act of Congress, to insist upon proof that he was within the demanding state at the time he is alleged to have committed the crime charged, and subsequently withdrew from her jurisdiction, so that he could not be reached by her criminal process. The statute, it is to be observed, does not prescribe the character of such proof; but that the executive authority of the territory was not required, by the act of Congress, to cause the arrest of appellant, and his delivery to the agent appointed by the governor of Pennsylvania, without proof of the fact that he was a fugitive from justice, is, in our judgment, clear from the language of the act. Any other interpretation would lead to the conclusion that. the mere requisition by the executive of the demanding state, accompanied by the copy of an indictment, or an affidavit, before a magistrate, certified by him to be authentic, charging the accused with crime committed within her limits, imposes upon the executive of the state or the territory where the accused is found the duty of surrendering him, although he may be satisfied, from incontestable proof, that the accused had, in fact, never been in the demanding state, and, therefore, could not be said to have fled from its justice. Upon the executive of the state in which the accused is found rests the responsibility of determining, in some legal mode, whether he is a fugitive from the justice of the demanding state. He does not fail in duty if he makes

it a condition precedent to the surrender of the accused that it be shown to him, by competent proof, that the accused is, in fact, a fugitive from the justice of the demanding state."

In *Ex Parte Spencer*, 34 Nev. 240, we heard testimony and discharged the petitioner because it appeared that he was not in the State of Illinois at the time he was alleged to have committed the offense there.

In *Ex Parte Hose*, 34 Nev. 91, we ordered petitioner surrendered to the authorities of the State of Pennsylvania under an information charging him with the crime of desertion by separating himself from his wife and minor child. We held that the warrant for the arrest and return of the petitioner in that case to answer for the crime of desertion was not objectionable as failing to set out an offense known to the laws of that state.

We have held that by lack of jurisdiction a resident of one of the counties of this state may not be taken for trial to another county in which he is charged with crime when the undisputed evidence shows that he was not in and did not commit any offense in the county in which he is accused. (*Ex Parte Smith, supra.*)

We have the highest regard for our great sister State of Pennsylvania, and we do not wish to obstruct the enforcement of her laws or the administration of justice in any commonwealth. We desire to show every consideration for warrants and process issued on her behalf which we would give or desire to have given to our own. We doubt whether the petitioner would have been indicted for desertion if controlling facts, omitted from the "Statement of Circumstances of Aggravation," such as that the petitioner and his wife were living apart by written agreement, and that he did not fail to keep that contract while in the State of Pennsylvania, had been made known to her authorities, and we do not assume that it will longer be desired to extradite or prosecute the petitioner when they become aware of the facts presented to this court, indicating that he was not guilty of the crime of desertion nor of any offense at the time alleged in the indictment, nor while residing in that state. We feel

assured that the State of Pennsylvania does not wish to proceed against any person when it becomes apparent that he is not guilty of the offense with which he has been charged.

In view of the undisputed facts indicated, we do not feel that it would be consistent with justice or the liberty guaranteed to the citizen by the constitution to allow the petitioner to be taken to Pennsylvania for trial, and we do not believe that the rights of that state will be violated or her best interests be otherwise than subserved by the release of the petitioner.

It appearing to the court that the petitioner is not a fugitive from justice, it is ordered that he be discharged.