[No. 2216]

## IN THE MATTER OF THE APPLICATION OF EDSON LA VERE FOR A WRIT OF HABEAS CORPUS

[156 Pac. 446]

1. HABEAS CORPUS—FUGITIVE FROM JUSTICE—JUDICIAL INQUIRY.

Where by *habeas corpus* a petitioner seeks release from an executive warrant issued upon the requisition for extradition of the governor of a demanding state, on the ground that he is not a fugitive from justice of the demanding state, the court will inquire into the existence of the facts determinative of that issue.

2. EXTRADITION—FUGITIVE FROM JUSTICE—CONFLICTING EVIDENCE—JURISDICTION.

The guilt or innocence of one held under extradition as a fugitive from the justice of another state is a matter exclusively for the courts of the demanding state where the evidence is conflicting.

3. HABEAS CORPUS—FUGITIVE FROM JUSTICE—INNOCENCE—CONCLUSIVE SHOWING—DISCHARGE.

Where in *habeas corpus* proceedings brought by one held for extradition as a fugitive from the justice of another state the evidence, including that of the complaining witness, shows conclusively that the crime charged could not have been committed, and hence that petitioner could not have been a fugitive from justice, the petitioner will be discharged.

ORIGINAL PROCEEDING. Application for writ of *habeas corpus* by Edson La Vere, held in custody for extradition. **Petitioner discharged.**

*Ayres & Gardiner*, for Petitioner:

If petitioner supported his wife and child until the day he left the State of New Jersey, he cannot be guilty of the offense upon which the requisition for his extradition is based, and is not therefore a fugitive from justice. (*In Re Kuhns*, 36 Nev. 487.)

*Geo. B. Thatcher*, Attorney-General, and *E. T. Patrick*, Deputy Attorney-General, for Respondent:

Petitioner should be remanded to the custody of the sheriff for extradition to the demanding state. The facts in *In Re Kuhns* do not apply. In that case there was a contract between the husband and wife to live separate

and apart. In the present instance petitioner left his wife against her desire and without her consent.

By the Court, NORCROSS, C. J.:

This is an original proceeding in *habeas corpus.* The return to the writ showed that petitioner was held in custody upon an executive warrant issued by the governor of this state upon requisition of the governor of the State of New Jersey. It appears from the requisition papers that petitioner was charged with the crime of wife and child desertion, committed in the county of Essex, State of New Jersey, on the 17th day of July, 1915.

Upon appearance in court upon the return to the writ it was stipulated by counsel for the respective parties that the hearing be continued for the purpose of taking certain depositions in New Jersey bearing upon the question at issue, whether or no petitioner was a fugitive from justice. Hearing was thereupon continued, and the petitioner was released on bail pending the final determination.

Depositions having been taken and filed, the matter was heard upon the depositions and the testimony of the petitioner. From the deposition of the complaining witness, wife of petitioner, and from all of the testimony in the case, certain material facts appear without conflict in the testimony. It appears from the evidence that from the date of the separation of petitioner and his wife, in December, 1914, to a time subsequent to the alleged desertion, petitioner contributed to the support of his wife and child by weekly payments of money, the sufficiency of which payments has not been questioned. It appears from the testimony of the complaining witness that at the time of the alleged desertion she had in her name in a bank at Newark the sum of $120, money given to her by petitioner prior to their separation.

**1-3.** Where upon a proceeding in *habeas corpus* a petitioner seeks release from an executive warrant issued upon the requisition of the governor of a demanding state,

on the ground that he is not a fugitive from the justice of that state, a court will inquire into the existence of facts determinative of that issue. The determination of the guilt or innocence of the petitioner from conflicting evidence is a matter exclusively within the province of the courts of the demanding state. Where, however, as in this case, all the testimony, including that of the complaining witness, shows conclusively that the crime charged could not have been committed, and hence petitioner could not have been a fugitive from justice, the petitioner ought to be discharged. (*In Re Kuhns*, 36 Nev. 487, 137 Pac. 83, 50 L. R. A. n. s. 507; *Ex Parte Smith*, 35 Nev. 80, 126 Pac. 655, 129 Pac. 308.)

Petitioner discharged.