[No. 2345]

IN THE MATTER OF THE APPLICATION OF ARTHUR DE LANNOY TWYEFFORT FOR A WRIT OF HABEAS CORPUS.

[174 Pac. 431]

1. HABEAS CORPUS—"FUGITIVE FROM JUSTICE."
    Where alleged deserted wife by deposition admitted receipt of moneys from husband after date of the desertion and failure to support alleged in the indictment, returned in a foreign state, the husband was entitled to discharge, on writ of habeas corpus, from detention for extradition, since there was no crime as alleged, and he could not be a "fugitive from justice."

ORIGINAL PROCEEDING in habeas corpus by Arthur De Lannoy Twyeffort. **Petitioner discharged.**

*Cheney, Downer, Price & Hawkins* and *Ayres & Gardiner*, for Petitioner.

*Geo. B. Thatcher*, Attorney-General, and *William McKnight*, Deputy Attorney-General, for Respondent.

By the Court, MCCARRAN, C. J.:

This is an original proceeding in habeas corpus.

The return to the writ shows that the petitioner was held in custody by J. H. Stern, sheriff of Ormsby County, by virtue of an executive warrant issued by the governor of this state pursuant to requisition issued by the governor of the State of New Jersey. In the executive warrant, petitioner is charged with the crime of desertion.

Pursuant to stipulation, this matter was continued from the return day in order to take the depositions of witnesses in the demanding state. The complaint on which the requisition is based and upon which the executive warrant issued, reads as follows:

"Essex County, to wit: The grand jurors of the State of New Jersey, in and for the body of the county of Essex, upon their oath present, that Arthur De Lannoy Twyeffort, late of the city of Newark, in the county of Essex aforesaid, on the 10th day of October, in the year of our Lord, 1917, with force and arms at the city aforesaid, in the county aforesaid and within the jurisdiction of this court, being then and there the husband of one Rosalia Twyeffort, did unlawfully desert and wilfully refuse and neglect to provide for and maintain her, the said Rosalia Twyeffort, she, the said Rosalia Twyeffort, then and there being the lawful wife of him, the said Arthur De Lannoy Twyeffort," etc.

By this accusation, constituting the basis of the proceedings in extradition, it appears that the date of desertion is fixed as October 10, 1917.

From the deposition of Rosalia Twyeffort, wife of petitioner, it appears that on that date petitioner gave her a check, which she afterwards converted into money, for the sum of $100; that on November 1, 1917, and subsequent to his departure from the demanding state, she received another check from petitioner for the sum of $100; that on December 3, 1917, she received from petitioner, through an intermediate agency, the sum of $100; that on December 31, 1917, she received from petitioner, through an intermediate agency, the sum of $50. All of these several amounts were contributed by petitioner subsequent to the date charged in the accusation as being the date of his neglect and failure to provide for and maintain his wife.

The case of Ex Parte La Vere, 39 Nev. 214, 156 Pac. 446, is controlling here. There we said:

"Where upon a proceeding in habeas corpus a petitioner seeks release from an executive warrant issued

upon the requisition of the governor of a demanding state, on the ground that he is not a fugitive from the justice of that state, a court will inquire into the existence of facts determinative of that issue."

In the matter at bar there is no conflict in the facts presented, and the acts of petitioner in contributing to the support of his wife after the date of the alleged desertion are admitted. As in the La Vere case, supra, so here it is shown conclusively that the crime charged could not have been committed as alleged, and hence petitioner is not a fugitive from justice. In Re Kuhns, 36 Nev. 487, 137 Pac. 83, 50 L. R. A. (N. S.) 507; Ex Parte Smith, 35 Nev. 80, 126 Pac. 655, 129 Pac. 308.

Petitioner is entitled to be discharged.

It is so ordered.