### No. 3822

IN THE MATTER OF THE APPLICATION OF EDWARD RALLS FOR A WRIT OF HABEAS CORPUS. STATE OF NEVADA, APPELLANT, v. EDWARD RALLS, RESPONDENT.

### No. 3823

IN THE MATTER OF THE APPLICATION OF JAMES PAUL MCKENNA FOR A WRIT OF HABEAS CORPUS. STATE OF NEVADA, APPELLANT, v. JAMES PAUL MCKENNA, RESPONDENT.

### No. 3824

IN THE MATTER OF THE APPLICATION OF JOSEPH CHARLES MCGUIRE FOR A WRIT OF HABEAS CORPUS. STATE OF NEVADA, APPELLANT, v. JOSEPH CHARLES MCGUIRE, RESPONDENT.

Nos. 3822, 3823, 3824
October 10, 1955. 288 P.2d 450.

*George Dickerson,* District Attorney, Clark County; *VeNoy Christoffersen,* Deputy District Attorney, for Appellant State of Nevada.

*Bonner & Rittenhouse,* of Las Vegas, for Respondent Ralls.

*Jones, Wiener & Jones,* of Las Vegas, for Respondent McKenna.

*George E. Franklin, Jr.,* of Las Vegas, for Respondent McGuire.

## OPINION

By the Court, MERRILL, C. J.:

These cases, consolidated for review by this court, are appeals taken by the State from orders of the trial court

discharging three criminal defendants upon habeas corpus. Following preliminary hearing the writs were secured. Upon the record made at the preliminary hearing the discharge was ordered for the reason that insufficient cause was shown to hold for trial. The question upon appeal is whether, upon the record, the defendants may properly be held for the crime of mayhem. More specifically the question is whether an intent to commit that crime might be found under the circumstances. The trial court ruled that the State had failed to establish facts from which an intent might be found or inferred. In our view this ruling was proper and the court's orders should be affirmed.

As a result of a fist fight in which all three defendants participated, their opponent suffered the loss of an eye. The fight was provoked by the defendants and with no justification whatsoever. The State does not contend that the defendants entertained an actual or specific intent to maim. The question is whether the necessary criminal intent may be imputed by reason of the unlawful assault upon the injured person.

In 2 Burdick, Law of Crime, 71, sec. 401, the author after reviewing statements by the early common law writers with reference to mayhem states, "In view of the foregoing statements it is evident that the common law elements of mayhem are (1) depriving; (2) anyone; (3) maliciously; (4) of a corporal member * * *."

The State first contends, under our statute defining mayhem, that malice or specific criminal intent is not necessary; that nothing more than a general criminal intent is needed; that such an intent is supplied by the very fact of the unlawful assault. The statute, sec. 10098, N.C.L.1929, reads as follows: "Mayhem consists of unlawfully depriving a human being of a member of his or her body, or disfiguring or rendering it useless. If any person shall cut out or disable the tongue, put out an eye, slit the nose, ear, or lip, or disable any limb or member of another, or shall voluntarily, or of purpose,

put out an eye or eyes, every such person shall be guilty of mayhem." The State contends that since reference is twice made to the putting out of an eye, the crime may result whether the maiming was voluntary and purposeful or whether the act from which it resulted was merely unlawful.

Even should we accept the State's position as to the significance of the word "unlawful" the statutory definition remains far from clear. Resolving ambiguities in favor of the accused, we view the statute as not sufficiently clear to justify us in regarding it as an express departure from the common law or extension of the common-law crime so far as concerns intent. Malice, then, remains as an essential element of the crime of mayhem in this state. Fortifying us in this position is the statement in 2 Burdick, Law of Crime, supra, 75, sec. 405, "Even if a statute contains the word 'unlawful', as some do in describing the act, malice is still a requisite."

It does not follow that a specific intent to maim must be proved. It may be inferred or presumed. To accomplish such an end, however, it is necessary that the disfigurement was reasonably to be apprehended as the natural and probable consequence of the act. See 36 Am. Jur. 2, Mayhem, sec. 3; Anns. 65 Am.St.Rep. 774; L.R.A. 1916E 494.

The State contends that such was the case here. We must disagree. No weapon was used. There is no indication that any blow struck was calculated to result in gouging or in any respect was other than a typical blow struck with a fist. Nor did the assault, outrageous though it was in its complete lack of provocation or justification, amount to such a brutal and relentless beating that maiming might be said to have been the reasonable, probable, or intended consequence. Cf. Shackelford v. Commonwealth, 183 Va. 423, 32 S.E.2d 682. The whole

affair was over so quickly that descriptive testimony, other than as to the first blow struck, is extremely vague and uncertain. Upon the facts it may be said that these defendants wrongfully intended to administer a beating. No further intent can or could under this state of facts be inferred. Such an intent is not sufficient to support the charge of mayhem.

Affirmed in each case.

BADT and EATHER, JJ., concur.