IN THE MATTER OF THE APPLICATION OF MELVIN LEE ROWLAND AND RAYMOND WALLACE SCHUMAN FOR A WRIT OF HABEAS CORPUS.

No. 4119

June 25, 1958.                                326 P.2d 1102.

*Jon R. Collins,* of Ely, and *Paul A. Richards,* of Reno, for Petitioners.

*Leonard E. Blaisdell,* District Attorney, of Mineral County, for Respondent.

## OPINION

*Per Curiam:*

This is an original proceeding in habeas corpus. The petition was filed May 31, 1958, on which date it was denied, with reservation of right to file an opinion later. The opinion follows.

Petitioners alleged that following preliminary hearings they had, on January 30, 1958, been held to answer on a charge of murder in the first degree to the Fifth Judicial District Court of the State of Nevada, in and for Mineral County, by Vane Day, Esq., justice of the peace of Hawthorne township in said county; that they were arraigned before said court "and are now being tried in Hawthorne, Nevada, before a jury duly sworn to try said case on said charge." They alleged that the only evidence adduced by the state at the preliminary hearing were their purported confessions and that there was no other proof of the corpus delicti or the venue of the action. They, therefore, contend that the district court is without jurisdiction to proceed further with the trial.

Supporting the petition are (1) an affidavit sworn to by counsel for petitioners, and (2) a transcript of the proceedings before the committing magistrate. The affidavit of counsel recites "that the district attorney of Mineral County, although he had the witnesses and the

evidence available, failed to prove that a crime was committed under the information filed, as there is no independent evidence of the corpus delicti" or that the crime was committed within the jurisdiction.

The same point was raised at the conclusion of the state's case at the preliminary hearing, whereupon the district attorney requested leave to reopen the state's case "for the purpose of getting further testimony from the witness Donald Sawyer [the undersheriff of Mineral County] on identification of a body north of Schurz [in Mineral County] and its condition, at or about the time of the alleged killing as appears in the complaint." Counsel objected on the ground that the state had rested and the magistrate sustained the objection. Although this occurred in the matter of the preliminary hearing of petitioner Rowland, the issues as presented by the present petition of both petitioners make the circumstances applicable to both.

We need not decide whether, if these facts had been presented to this court on an original petition for habeas corpus immediately following the order of the magistrate holding the defendants to answer, this court would have issued the writ and, upon the return showing no other justification than the magistrate's order, would have released the defendants for lack of showing of probable cause. Should this court have so acted, the situation could, of course, have been at once remedied. The defendants, however, not only prevented proof of the corpus delicti and the venue by their objection to the state's motion to reopen its case for this purpose, knowing that the proof was there and available, but elected to appear for arraignment and for trial and to permit the jury to be selected and thereafter to interrupt the progress of the trial by applying to this court for a writ of habeas corpus. Their purpose is, of course, manifest. The lack of proof at the preliminary hearing could have been simply cured. They have now, however, been placed in jeopardy and their release would prevent their ever being tried. It is also patent that if their position is sound, they could seek such release not only after the first day of trial but after the second, third or tenth.

They assert that as the error is jurisdictional, it could not be waived. They present no authorities whatsoever in support of their petition except general statements of law to the effect that a trial may not be interrupted by proceedings of this nature, *in the absence of exceptional circumstances.* They contend that their showing of the absence of proof of probable cause, being jurisdictional, is such exceptional circumstance. Our own search has found no case in point.

In Nevada the writ of habeas corpus will not be denied where there is a showing, prior to trial, of lack of probable cause that a crime was committed or that the petitioner committed it. NRS 34.500; Ex Parte Ralls, 71 Nev. 276, 288 P.2d 450; Ex Parte Kline, 71 Nev. 124, 282 P.2d 367. Some courts are more liberal, while others are, perhaps, stricter in limiting the office of the writ. In Ex Parte Hamilton, 56 Wash. 405, 105 P. 1046, the court said, "The office of the writ of habeas corpus is to give a person restrained of his liberty an immediate hearing so that the legality of his detention may be inquired into and determined. The petitioner has a right to an immediate trial of that issue in a proper case; but he has no right to select his own forum or to prescribe the mode of trial. In this case it was made to appear that the petitioner was about to have an immediate trial of all questions involving his guilt and the legality of his imprisonment in a court of competent jurisdiction, and the writ of habeas corpus could give him no more.

"If the purpose of the application was to secure an immediate trial, that object has already been accomplished. If the purpose was to secure delay or a postponement of the pending trial, the application should not be entertained."

In Nevada the writ will issue to the end that the petitioner will not be compelled to undertake the expense and burden of trial in the absence of a showing of probable cause. Eureka Co. Bank Habeas Corpus Cases, 35

Nev. 80, 126 P. 655, 129 P. 308. Where, however, as here, he elects to proceed to trial before applying for the writ, and he voluntarily submits to the jurisdiction and places himself in jeopardy, he may not at the same time seek to be relieved of this burden through habeas corpus. Such interruption of the due and orderly administration of the criminal law by a competent court acting within its jurisdiction, under the circumstances described, is not contemplated by our statute or the cases above cited.

Under these conditions we entered the order denying the petition for the writ.