JAMES EDWARD LOMAS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11939

January 28, 1982 · 639 P.2d 551

*William N. Dunseath,* Public Defender, and *N. Patrick Flanagan,* Deputy Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City, and *Calvin R. X. Dunlap,* District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Lomas was convicted of robbery with use of a deadly weapon, battery with use of a deadly weapon, and mayhem, for acts arising out of the same robbery. In this appeal he challenges only the mayhem conviction.

Lomas seized his victim from behind and held a knife to her throat. As she pulled away from him she was cut in the face. Lomas recaptured the victim, took her purse, and removed money from it. The victim tried to run away, but after taking the money, Lomas pursued her, stabbed her in the jaw and kicked her in the face. The state charged Lomas with mayhem on the basis of the first cut on the victim's face, which occurred prior to his seizure of her purse.

At trial, the district court refused to give instructions offered by the defense embodying the intent requirement for a mayhem conviction, based upon Ex parte Ralls, 71 Nev. 276, 288 P.2d 450 (1955) and Lamb v. Cree, 86 Nev. 179, 466 P.2d 660 (1970). The state concedes that the offered instructions were correct statements of the law. The state argues, however, that the law was adequately covered by other instructions given to the jury. We disagree. No other instruction given by the trial court informed the jury that malice is required for a conviction of mayhem, or that an inference of malice required that the "disfigurement was reasonably to be apprehended as the natural and probable consequence of the act." Lamb v. Cree, 86 Nev. at 182, 466 P.2d at 662, *quoting* Ex parte Ralls, 71 Nev. at 279, 288 P.2d at 451.

The district court also refused to give an instruction dealing with NRS 200.300, which prohibits conviction of mayhem if the jury finds that the injury inflicted will not result in any permanent disfiguration of appearance, diminution of vigor, or other permanent injury. Whether the victim is disfigured, and whether such disfigurement is permanent, are questions of fact for the jury. Lamb v. Cree, *supra; see* Levi v. State, 95 Nev. 746, 602 P.2d 189 (1979). The record in the present case reveals that the extent of the injury was far from apparent. We see no justification for the district court's refusal to give an instruction on NRS 200.300.

Appellant's conviction of mayhem is reversed and this case is remanded for a new trial.[1]

Reversed and remanded.

[1]This reversal applies only to the mayhem conviction. As mentioned earlier, the convictions for robbery with use of a deadly weapon, and battery with use of a deadly weapon, have not been challenged.