ESTEL JACK CRAWFORD, JR., Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 15368

December 6, 1984            691 P.2d 433

*Thomas E. Perkins,* State Public Defender, and *Robert A. Bork,* Chief Deputy State Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General; *William A. Maddox,* District Attorney, and *Charles P. Cockerill,* Deputy District Attorney, Carson City, for Respondent.

---

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction of mayhem. The sole issue in this appeal is whether the specific intent to disfigure is required for a conviction of mayhem under NRS 200.280.

Crawford initially started choking the victim during an argument. He then bit the victim's finger, and later bit off approximately one-third of her outer left ear. That portion could not be reattached, and the victim's ear is permanently disfigured.

At trial, the district court judge gave the following instruction setting forth the required elements for mayhem:

> Every person who willfully, unlawfully and voluntarily and of purpose slits the ear of another, is guilty of the crime of mayhem.
>
> In order to find the Defendant guilty of the crime of mayhem, each of the following elements must be proved beyond a reasonable doubt:
> 1. That defendant willfully and unlawfully and by means of physical force slit the ear of another person, and
> 2. That defendant did so voluntarily and of purpose, that is, maliciously.
>
> The word "maliciously" means to wish to vex, annoy or injure another person, or an intent to do a wrongful act.

The instruction defined the term "maliciously" in accordance with the statutory definition in NRS 193.010(13).

Crawford requested an instruction which differed from the one actually given in that it required the jury to find that he acted ". . . voluntarily and of purpose, that is, with the malicious intent to disfigure." Crawford contends that, because specific intent to disfigure is required for a conviction of mayhem, his offered instruction should have been given. We disagree.

Although our prior cases on this subject have indicated that malice or malicious intent is required for mayhem, none have held that a specific intent to disfigure or maim is required. *See* Ex Parte Ralls, 71 Nev. 276, 279, 288 P.2d 450, 451 (1955); *see also* Lomas v. State, 98 Nev. 27, 29, 639 P.2d 551, 553 (1982); Lamb v. Cree, 86 Nev. 179, 182, 466 P.2d 660, 662 (1970). Furthermore, NRS 200.280 does not expressly require the specific intent to disfigure in its definition of mayhem. Therefore, we conclude that the specific intent to disfigure is not a required element of the crime of mayhem under NRS 200.280. *See* Cal. Penal Code § 203 (West 1970); Goodman v. Superior Court of

Alameda County, 148 Cal.Rptr. 799, 800 (Ct.App. 1978). Because the jury was properly instructed on the elements of the crime, its verdict will not be disturbed.

Affirmed.