JOHN OLIVER SNOW, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 18634

September 6, 1989                               779 P.2d 96

*Kevin Kelly,* Las Vegas; *James E. Lobsenz,* Seattle, Washington, for Appellant.

522

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, John Oliver Snow, was convicted of conspiracy to commit murder and of murder in the first degree. He received a death sentence for the murder charge. More than two years after his judgment became final, Snow discovered evidence which he asserts proves his innocence. A portion of the newly discovered evidence purports to show that one of the main witnesses at the trial committed perjury when she identified Snow as the person who committed the murder. Snow moved for a new trial and sought an evidentiary hearing to review the newly found evidence. The trial judge denied the motion, not on its merits, but because he lacked jurisdiction to hear the motion based upon NRS 176.515(3), which requires that a motion for a new trial

based upon newly discovered evidence "be made only within two years after the verdict or finding of guilt." Snow now appeals the trial court's denial of his motion, asserting that the two-year time limit imposed by NRS 176.515(3) is unconstitutional as applied to petitioners facing the death penalty.

Snow argues that the two-year time limit is unconstitutional because it violates the eighth amendment and the due process and equal protection clauses of the fourteenth amendment of the United States Constitution. We do not agree.

While the two-year statute of limitations imposed by NRS 176.515(3) precludes direct review of Snow's conviction, Snow may still seek collateral review of his claimed newly discovered evidence by petitioning for a writ of habeas corpus. The writ of habeas corpus is available "to allow the presentation of questions of law which cannot otherwise be reviewed, or that are so important as to render ordinary procedure inadequate and justify the extraordinary remedy." Director, Dep't of Prisons v. Arndt, 98 Nev. 84, 85, 640 P.2d 1318, 1319 (1982); *see also* State ex rel. Orsborn v. Fogliani, 82 Nev. 300, 417 P.2d 148 (1966).

Although we do not attempt to fashion Snow's petition for writ of habeas corpus for him, it appears that the gist of Snow's claim is that he was denied due process of law due to the alleged perjured testimony of one of the witnesses and that, based upon his newly discovered evidence, the conviction is no longer supported by the evidence. We express no opinion as to the merits of Snow's claims. However, we are prepared to rule that where a prisoner who has been sentenced to death discovers new evidence tending to prove that his conviction was illegally obtained, such evidence may be brought before the court for consideration, even after the two-year time limit imposed by NRS 176.515(3) has run, in a petition for writ of habeas corpus.

We are not persuaded by Snow's arguments that the two-year time limit is unconstitutional based on the eighth amendment of the United States Constitution. The two-year time limit does not appreciably enhance the risk of an unwarranted execution since there is another avenue available by which the newly discovered evidence may be presented to the court and, thus, error in Snow's conviction may be brought to light. *See* Beck v. Alabama, 447 U.S. 625, 683 (1980) (court has invalidated procedural rules which tend to diminish the reliability of a death sentence determination).

Likewise, we have considered and we reject Snow's claim that

NRS 176.515(3) violates the equal protection clause of the fourteenth amendment by distinguishing between prisoners who bring their motions within two years of sentencing and those who do not. "Equal protection of the law has long been recognized to mean that no class of persons shall be denied the same protection of the law which is enjoyed by other classes in like circumstances." Allen v. State, 100 Nev. 130, 135, 676 P.2d 792, 795 (1984). Because Snow has an avenue of relief available by which he may present his allegedly exculpating, newly discovered evidence to the court, the statute of limitations imposed by NRS 176.515(3) does not deny Snow equal protection under the law.

Finally, upon balancing the factors laid out by the United States Supreme Court in Matthews v. Eldridge, 424 U.S. 319 (1976), we conclude that the two-year time limit imposed by NRS 176.515(3) has not denied Snow his right to due process of law. While we acknowledge that the private interest involved, the right not to be executed erroneously, is an important private interest which is worthy of careful constitutional protection, since Snow may present his newly discovered evidence in a petition for writ of habeas corpus, we need not eliminate the two-year statute of limitations imposed by NRS 176.515(3) in order to protect this private interest. Moreover, as Snow has conceded, the state has a legitimate interest in the finality of judgments. When a case must be retried after a significant passage of time, both parties are hindered by the likelihood that key evidence and witnesses will no longer be available for presentation to the trier of fact. However, because the state has the burden of proof in a criminal trial, the prospect of trying a case without access to all of the evidence which was available originally is especially oppressive on the state, and accordingly, the state's interest in maintaining a statute of limitations on the bringing of motions for a new trial is substantial.

The trial judge properly rejected Snow's motion, brought under NRS 176.515(3), for a new trial because the motion was untimely made. Accordingly, we affirm the trial court's judgment, and additionally, we reject Snow's contention that the two-year statute of limitations imposed by NRS 176.515(3) is unconstitutional.

Young, C. J., Steffen, Springer and Mowbray, JJ., and Zenoff, Sr. J.,[1] concur.

_____

[1]The Honorable Cliff Young, Chief Justice, appointed The Honorable David Zenoff, Senior Justice, to sit in place of The Honorable E. M. Gunderson, Justice, pursuant to this court's general order of assignment filed September 14, 1988.