# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
DAVID EUGENE ABARA,
Respondent.

No. 73685

**FILED**

SEP 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting a motion to correct or modify a sentence.[1]  Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

The district court granted respondent David Abara's motion to modify or correct a sentence, concluding that the sentencing court had a mistaken impression about Abara's criminal record because six of his prior California convictions (five from Alameda County in 2002, and one from San Bernardino County in 1990) were improperly characterized as felonies when they were in fact misdemeanors pursuant to California Penal Code § 17(b),[2] and the sentencing court may have considered an offense for which there was not a conviction until after sentencing in this case.  The State argues that the district court erroneously granted the motion.  We agree.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]California Penal Code § 17(b) sets forth guidelines for how to treat an offense colloquially deemed a "wobbler," an offense that can be treated as either a felony or a misdemeanor.  Abara's challenged convictions involved "wobbler" offenses.

18-35912

A motion to modify a sentence "is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment." *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996).[3]

The district court's conclusion that the prior convictions were improperly characterized as felonies is not supported by the record. The so-called "wobbler" offenses in California are treated as felonies unless the court takes certain actions set forth in California Penal Code § 17(b).[4] *See People v. Park*, 299 P.3d 1263, 1267-68 (Cal. 2013) (discussing the history of Penal Code § 17(b)). Here, the prior California convictions were felonies because the courts had suspended imposition of sentence and granted probationary terms, but did not declare the offenses to be misdemeanors as required by Penal Code §17(b)(3), which provides that a wobbler offense is a misdemeanor for all purposes "[w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." *See id.* at 1268 (recognizing that "[u]nder the 1963 amendment, which appears in its present form as section 17(b)(3), the court may reduce a wobbler to a misdemeanor either by declaring the crime a misdemeanor at the time probation is granted or at a later time"). The district court erroneously concluded that the imposition of jail time rendered Abara's prior convictions

---

[3]Although Abara cited to NRS 176.555 (motion to correct illegal sentence), Abara did not present any claims alleging that his sentence was illegal. *See id.*

[4]We rely upon the versions of California Penal Code § 17(b) (West 1989, 1998) in effect at the time of the prior convictions.

misdemeanors pursuant to subsection 1 of California Penal Code § 17(b), which recognizes that a wobbler offense is a misdemeanor when a court imposes a sentence other than imprisonment, because the jail time in Abara's cases was imposed as a condition of probation and jail time imposed as a condition of probation is not considered a misdemeanor sentence pursuant to subsection 1.[5] *See People v. Barkley*, 166 Cal. App. 4th 1590, 1596 (Ct. App. 2008); *People v. Esparza*, 253 Cal. App. 2d 362, 365 (Ct. App. 1967). Further, the district court's reliance upon *State ex. Rel. Orsborn v. Fogliani*, 82 Nev. 300, 417 P.2d 148 (1966), was misplaced. Orsborn's prior California conviction was determined to be a misdemeanor pursuant to California Penal Code § 17(b)(1) because he was sentenced to a term of one year in the county jail after he had violated probation. In contrast, the documents submitted in Abara's case indicate that imposition of sentence was suspended in each of the challenged cases and probation granted with a condition of serving time in jail.[6] Because Abara's prior convictions were

---

[5]The documents before this court indicate that Abara successfully completed probation for the Alameda County convictions and violated but was reinstated to probation for the San Bernardino conviction. Neither case indicates the imposition of a sentence.

[6]We further find any reliance upon *Orsborn* in determining whether prior convictions from 1990 and 2002 were felonies or misdemeanors to be dubious given the dearth of facts in the *Orsborn* opinion about the prior conviction. For example, *Orsborn* does not set forth the date of the prior conviction, which would be necessary in determining the effective version of the penal code at the time of the prior conviction. *Orsborn* appears to rely upon a 1947 version of Penal Code § 17(b), *see Orsborn*, 82 Nev. at 302 n.2, 417 P.2d at 148 n.2; Cal. Penal Code § 17 (Deering 1947), which predates the California Legislature's adoption of the language regarding probation that now appears in subsection 3 of Penal Code § 17(b), *see* Cal. Penal Code §17 (Deering 1963).

properly characterized as felonies, there was no mistake about Abara's criminal record. Thus, the district court erred in concluding otherwise.

Further, as a separate and independent ground, we conclude that the record does not support the district court's determination that any alleged error worked to Abara's extreme detriment. We note that the sentencing court did not state that it was basing its sentence upon the number of convictions treated as felonies. Rather, it appears that in imposing punishment the sentencing court considered Abara's arguments in mitigation and the State's arguments about his lengthy criminal history, a fact not in dispute. The sentencing court was permitted to consider Abara's past criminal conduct in determining the appropriate sentence in this case. *See Denson v. State*, 112 Nev. 489, 494, 915 P.2d 284, 287 (1996) (observing that the sentencing court may consider information that gives the court a sense of the defendant's life and conduct).

The district court's conclusion that the sentencing court may have erroneously considered an offense (possession of a methamphetamine) for which there was not yet a judgment of conviction is also flawed. The sentencing court was permitted to consider the breadth of Abara's criminal conduct, including charges which were not yet final, in determining the appropriate sentence in this case. *See id.* And it does not appear that information about the possession case was incorrect or could in any way be characterized as impalpable or highly suspect evidence. *See Silks v. State*, 92 Nev. 91, 545 P.2d 1159 (1976). Further, as noted by the district court in its decision granting the motion to modify, it is not even clear from the transcript that the sentencing court relied upon this conviction in imposing the sentence in this case. Thus, under these facts, we conclude that the record does not support the district court's determination that consideration

of the possession case was a mistaken assumption about Abara's criminal record that worked to his extreme detriment.

Finally, we reject Abara's argument that the decision in *Harris v. State*, 130 Nev. 435, 329 P.3d 619 (2014), precludes the State from appealing an order granting a motion to modify a sentence. This court has recognized the appealability of an order granting or denying a motion to modify sentence. *Edwards*, 112 Nev. at 709, 918 P.2d at 325. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Barry L. Breslow, District Judge
Attorney General/Carson City
Washoe County District Attorney
Federal Public Defender/Las Vegas
Washoe District Court Clerk