STATE, *ex rel.* BONNIE VOGEL, v. L. F. CHAPMAN, Superintendent of State Prison Farm.

169 So. 670.
Division B.
Opinion Filed September 11, 1936.

*Van C. Swearingen* and *I. J. A. Renno,* for Petitioner.

PER CURIAM.—The Petitioner, Bonnie Vogel, has filed a petition for writ of habeas corpus.

On July 20, 1936, she filed in this Court a motion praying an order of this Court directing the "Warden of the State Penitentiary at Raiford, Florida," to deliver her, the said Bonnie Vogel, to the Sheriff of Dade County, Florida, to be held in custody of the Sheriff during the pendence of a writ of error, or until released as provided by law.

We denied that petition without prejudice to the plaintiff in error to apply to the Circuit Court for a proper order.

It appears from the petition for habeas corpus now before us that it is the contention of the Petitioner that she

should be discharged from custody upon the theory that there is not now pending against her any charge of a violation of the laws of the State of Florida.

The opinion and judgment of this Court filed on the 27th day of May, 1936, did not determine that there was no valid charge of violating the criminal statutes of Florida pending against the Petitioner. Nor was it held that the charge presented by the information before us was insufficient. The judgment was reversed because of the infirmity of the verdict and upon such reversal the charge embraced in the information stood against the Petitioner in the Criminal Court of Record of Dade County, Florida, subject to disposition by new trial, or otherwise, as may be determined according to law.

It, therefore, follows that petition for habeas corpus is denied without prejudice for the Petitioner to apply to the Circuit Court of Dade County for an order for her transfer from the State Prison Farm at Raiford, Florida, and custody of L. F. Chapman, the Superintendent thereof, to the custody of the Sheriff of Dade County, Florida.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.