IN THE MATTER OF THE APPLICATION OF HAROLD GEORGE CURRENT FOR A WRIT OF HABEAS CORPUS.

No. 4279

January 21, 1960                    348 P.2d 470

Petitioner in pro. per.

# OPINION

*Per Curiam:*

This is an original petition for a writ of habeas corpus in which the petitioner has applied in propria persona.

The petitioner alleges that on the 23rd day of March 1959 he pleaded guilty to the charge of possession of narcotics and was sentenced to a term of not less than five years, and was sent thereafter to the state prison where he is now confined under said sentence.

It is petitioner's contention that the sentence is illegal because "it did not specify the minimum term."

Subsection 1 of NRS 453.210 (relating to narcotics) provides as follows:

"1.   (a) Except as otherwise provided in subsections 2 and 3 of this section, any person who violates any provision of NRS 453.010 to 453.240, inclusive, shall, upon conviction, be fined not more than \$2,000 and be imprisoned in the state prison not less than 2 years or more than 5 years.

"(b) For a second offense, or if, in case of a first conviction of violation of any provision of NRS 453.010 to 453.240, inclusive, the offender shall previously have been convicted of any violation of the laws of the United States or of any state, territory or district relating to narcotic drugs or marihuana, the offender shall be fined not more than \$2,000 and be imprisoned in the state prison not less than 5 years or more than 10 years.

"(c) For a third or subsequent offense, or if the offender shall previously have been convicted two or more times in the aggregate of any violation of the law of the United States or of any state, territory or district relating to narcotic drugs or marihuana, the offender

shall be fined $2,000 and be imprisoned in the state prison not less than 10 years or more than 20 years.

" (d) Except in the case of conviction for a first offense, the imposition or execution of sentence shall not be suspended and probation or parole shall not be granted until the minimum imprisonment herein provided for the offense shall have been served."

It cannot be ascertained from the petition under which paragraph of subsection 1 petitioner was convicted and sentenced. If under paragraph (b) or (c), the sentence although erroneous is not void (Ex parte Melosevich, 36 Nev. 67, 133 P. 57) ; if under paragraph (a), the minimum imprisonment should have been for not less than two years.

The petition on its face reveals that even under paragraph (a), if petitioner had been properly sentenced, the minimum term of imprisonment would not yet have expired. Under the authority of Ex parte Shepley, 66 Nev. 33, 202 P.2d 882, the imprisonment or detention of petitioner is not presently unlawful, and he is not entitled to his immediate release.

The petition therefore must be and is hereby ordered dismissed. In re Robinson, 75 Nev. 327, 340 P.2d 591.