In the Matter of the Application of JACK RAINS-
BERGER, for a Writ of Habeas Corpus.

JACK RAINSBERGER, Appellant, *v.* W. E. LEY-
POLDT, Sheriff of Clark County, Respondent.

No. 4403

October 11, 1961                                    365 P.2d 489

*Samuel S. Lionel* and *Dwight B. Claar, Jr.,* of Las
Vegas, for Appellant.

*Roger D. Foley,* Attorney General, *John F. Mendoza,*
District Attorney, and *Charles L. Garner,* Deputy Dis-
trict Attorney, Clark County, for Respondent.

## OPINION

By the Court, McNamee, J.:

Appellant, through his attorney, filed a petition in the lower court for a writ of habeas corpus wherein he alleged that he was unlawfully imprisoned, detained, and restrained of his liberty by the sheriff of Clark County. The petition recites that an information was filed against appellant charging him with murder, that he pleaded guilty to such charge, and that after a hearing before the Honorable Ryland G. Taylor, District Judge, he was found guilty of murder in the first degree and sentenced to death. He appealed to this court from said judgment and sentence. The judgment was reversed and sentence vacated because of prejudicial error, and the cause remanded for a new hearing before a three-judge court to redetermine the degree of the crime and give sentence accordingly, pursuant to the provisions of NRS 200.030. Rainsberger v. State, 76 Nev. 158, 350 P.2d 995.

He further alleges that he is unlawfully restrained of his liberty for the reason that subsection 3 of NRS 200.030 in providing for a hearing before a three-judge court is an ex post facto law and unconstitutional because such provision became law after the pronouncement of judgment and sentence by Judge Taylor.

To said petition the sheriff filed a return which shows that the present restraint of appellant results from an order by the district court of Clark County made after this court had vacated said sentence directing the warden of the state prison at Carson City, Nevada, where appellant had been confined after being sentenced as aforesaid, to release said appellant to the custody of the sheriff of Clark County, Nevada, to await a rehearing upon his plea of guilty to murder.

Under Art. 1, sec. 7, Nevada Constitution, all persons shall be bailable by sufficient sureties; unless for

capital offenses when the proof is evident or the presumption great.

NRS 178.025 provides that no person shall be admitted to bail where he is charged with an offense punishable by death when the proof is evident or the presumption great.

NRS 178.080 provides: "If the offense charged is not bailable, or if bail be not given, the officer arresting the accused shall deliver him into custody according to the command of the bench warrant or the warrant of arrest."

NRS 171.140 provides that a defendant, when arrested under a warrant for an offense not bailable, must be held in custody by the sheriff of the county in which the complaint is filed.

Appellant having been charged with murder originally was imprisoned on a warrant of arrest issued upon said charge. There is no contention that this restraint was unlawful. After his plea of guilty[1] and after the hearing before Judge Taylor, appellant properly was delivered to the warden of the state prison, pursuant to NRS 176.420, in whose custody he remained until termination of his appeal. When the judgment was reversed and the cause remanded to the district court for a new hearing the order made by said district court directing the warden of the state prison to release appellant to the custody of the sheriff of Clark County for transfer to the Clark County jail to await rehearing was proper. State ex rel. Vogel v. Chapman, 125 Fla. 266, 169 So. 670. The status of appellant thereupon became the same as if no prior hearing had been held and no sentence had been rendered. In other words, the order of transfer effected a return of appellant to the restraint resulting from the warrant of arrest which empowered the Clark County sheriff under NRS 171.140 and 178.080, supra, to hold appellant until a hearing free of prejudicial error.

---

[1]The plea of guilty establishes the fact that the proof is evident and removes any doubt with respect to the guilt of accused.

As stated in Ex parte Sheply, 66 Nev. 33, 202 P.2d 882, the inquiry under a writ of habeas corpus is limited to the question of whether or not he is entitled to immediate release.

The retention of petitioner, as heretofore shown, is the result of a warrant of arrest validly issued where he is charged with a not bailable offense. Appellant, being held under a valid warrant or order of commitment pursuant to NRS 171.140 and 178.080, cannot invoke the remedy of habeas corpus to relieve him from a contemplated commitment under which restraint has not commenced on the mere assertion that the contemplated later commitment would be the result of an invalid hearing. Ex parte Sheply, supra.

The lower court properly determined that the present detention of appellant is not unlawful and its denial of the writ of habeas corpus was proper.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.