WILLIAM H. ROGERS, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5578

September 18, 1968                    445 P.2d 28

*Gary A. Sheerin,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, and *Peter I. Breen,* Deputy Attorney General, of Carson City, for Respondent.

**OPINION**

By the Court, THOMPSON, C. J.:

This is an appeal from an order of the district court dismissing a post-conviction application for relief. The petitioner, William Rogers, was convicted of robbery and is presently serving his sentence at the Nevada State Prison. His post-conviction application does not challenge the validity of his conviction. Instead it asserts that he was brutally beaten by the Warden of the Nevada State Prison in violation of federal and state constitutional provisions forbidding cruel and unusual punishments.[1] He therefore seeks release from prison or other appropriate relief. The district court dismissed the petition on the ground that neither habeas corpus [NRS 34.360–34.680] nor the 1967 post-conviction remedy act [NRS 177.315–177.385] is available in these circumstances. We agree since those remedies provide for inquiry into the legality of imprisonment rather than supervision of prison administration.[2]

Some courts have extended the scope of habeas corpus to embrace an Eighth Amendment violation occurring during confinement following a valid conviction. Coffin v. Reichard, 143 F.2d 433 (6th Cir. 1944); State ex rel. Cole v. Tahash, 129 N.W.2d 903 (Minn. 1964); In re Riddle, 372 P.2d 304 (Cal.

---

[1]Nev. Const. art. 1, § 6; U.S. Const. amend. VIII. The Eighth Amendment is binding upon the states through the Fourteenth Amendment. Robinson v. California, 370 U.S. 660 (1962).

[2]See Marshall v. Warden, 83 Nev. 442, 434 P.2d 437 (1967); Krause v. Fogliani, 82 Nev. 459, 421 P.2d 949 (1966); Bundrant v. Fogliani, 82 Nev. 388, 419 P.2d 293 (1966); Orsborn v. Fogliani, 82 Nev. 300, 417 P.2d 148 (1966); Messmore v. Fogliani, 82 Nev. 153, 413 P.2d 306 (1966); Morford v. Fogliani, 82 Nev. 79, 411 P.2d 122 (1966).

1962). We do not choose to do so, since the post-conviction remedies of chs. 34 and 177 do not contemplate relief for conduct or occurrences unrelated to the validity of the conviction, sentence, or restraint. Other redress is available to the petitioner if his charges are true. See Comment, Enforcement of Prison Discipline and Its Effect Upon the Constitutional Rights of Those Imprisoned, 8 Vill.L.Rev. 379, 388 (1963).

Affirmed.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.