BARNELL BISHOP, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6820

July 20, 1972        498 P.2d 1340

*Robert G. Legakes,* Public Defender, and Jeffrey D. Sobel, Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The appellant filed a petition in pro per complaining to the district court that he was being confined in an isolation cell in

the Clark County jail where inmates are denied access to television, newspapers and books, and where there are afforded only limited exercise and bathing facilities. While it is not clear what relief the appellant sought, his petition was treated by the court, and by counsel who was appointed for him, and by the district attorney, as a petition for a writ of habeas corpus. After a hearing at which testimony was taken from the appellant, from other inmates of the Clark County jail, from an officer with the Sheriff's Department, and from the officer in charge of the jail, the district court denied the writ of habeas corpus and remanded the appellant to the sheriff's custody; but, in addition, the court ordered the sheriff to afford the appellant exercise privileges outside of his cell for a period of one and one-half hours each day, to permit the appellant to purchase newspapers daily, and to provide a wider selection of magazines.

Although, as noted, the relief sought by the appellant's petition was unstated, and although substantial relief was provided by the district court's order, the appellant has appealed that court's refusal to grant him a writ of habeas corpus, contending that his confinement in an isolation cell constitutes cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and Article 1, Section 6, of the Nevada Constitution. We affirm the district court's order.

Substantially the same issue as is presented by this appeal was considered in Rogers v. Warden, 84 Nev. 539, 445 P.2d 28 (1968), where the charge was that the appellant was entitled to be released from prison because an alleged brutal beating constituted cruel and unusual punishment. While recognizing that some authorities have extended habeas relief to Eighth Amendment violations, we declined to do so where the conduct or occurrence is unrelated to the validity of the restraint. It was there noted that other redress is available. Here, in fact, relief other than release from confinement was afforded the appellant.

Perceiving no difference in principle between the post-conviction petition in *Rogers,* supra, and the habeas petition here, and finding that the conduct or occurrence about which the petitioner complained to the district court was unrelated to the legality of his confinement, we find no error in the district court's order declining to grant the writ of habeas corpus and remanding the appellant to the custody of the sheriff.

Affirmed.