DIRECTOR, NEVADA DEPARTMENT OF PRISONS, APPELLANT, v. DWAYNE ARNDT, RESPONDENT.

No. 13009

February 26, 1982                                      640 P.2d 1318

*Richard H. Bryan,* Attorney General, and *Ernest Adler,* Deputy Attorney General, Carson City, for Appellant.

*J. Gregory Damm,* State Public Defender, and *Michael K. Powell,* Special Deputy State Public Defender, Carson City, for Respondent.

OPINION

*Per Curiam:*

Respondent-Inmate Dwayne Arndt was charged with violating the Prison Code of Penal Discipline for stabbing another

inmate while incarcerated at Northern Nevada Correctional Center (Medium Security).

At the prison disciplinary hearing, Arndt requested but was not provided an attorney. Inmate-substitute counsel was provided. Respondent was found guilty of the violation, transferred from the medium security facility to maximum security at the Nevada State Prison, sentenced to 15 days "punitive segregation" and referred to the Parole Board for possible revocation of statutory good time credits.

Respondent challenged the disciplinary proceeding by filing a petition for writ of habeas corpus in district court, alleging that he was not given adequate notice of the charges and that he was denied due process at the hearing because he was not provided with counsel. Respondent sought a return from maximum to medium security facility and expungement of the hearing results from his record.

The district court found that although notice was adequate, the failure to provide Arndt with counsel at the hearing deprived respondent of due process. The court ordered the hearing results expunged from Arndt's record. On appeal, the state contends that respondent's claim was not cognizable under the habeas corpus relief statute (NRS 34.360) and that the hearing procedures comported with due process requirements.

The instant record indicates that Arndt is *currently* under no additional restraint or custody as a result of the disciplinary hearing. By the time his petition was heard by the district court, he had already been returned to the medium security prison. There is no evidence that any of his good time credits have been revoked in consequence of the proceeding.[1] Arguably, Arndt faces a threatened loss of good time credits, but at best this loss is speculative.

We have noted that habeas corpus relief is available "to allow the presentation of questions of law that cannot otherwise be reviewed, or that are so important as to render ordinary procedure inadequate and justify the extraordinary remedy." State ex rel. Orsborn v. Fogliani, 82 Nev. 300, 417 P.2d 148 (1966). Specifically, the writ has been deemed appropriate for petitioners testing the constitutionality of an ordinance while on bail (Ex parte Philipie, 82 Nev. 215, 414 P.2d 949 (1966)), challenging sufficiency of probable cause for trial while on bail (Jacobson v. State, 89 Nev. 197, 510 P.2d 856 (1973)) and testing the legality of a parole board's order to hold for extradition

---

[1] We express no opinion on our disposition of this case if Arndt were still confined to maximum security prison as a result of the discipline proceeding, or if good time credits had actually been forfeited.

(Roberts v. Hocker, 85 Nev. 390, 456 P.2d 425 (1969)). Nonetheless, we have consistently held that use of the extraordinary writ is warranted only to challenge present custody or restraint and the legality of that confinement. Rogers v. Warden, 84 Nev. 539, 445 P.2d 28 (1968); Rainsberger v. Leypoldt, 77 Nev. 399, 365 P.2d 489 (1961), *cert. denied,* 368 U.S. 516 (1962); Ex parte Sheply, 66 Nev. 33, 202 P.2d 882 (1949).

The threat of future restraint will not provide a basis for habeas corpus remedy; the detention must be *presently* unlawful. *Sheply, supra* at 41, 202 P.2d at 886. *See also* Ex parte Current, 76 Nev. 41, 348 P.2d 470 (1960). Arndt's petition, then, was premature, and should have been denied by the trial court.[2]

Our conclusion that habeas relief was unavailable to Arndt makes unnecessary any consideration of his attack on the constitutionality of the disciplinary hearing procedures, in particular, the state's failure to grant him the assistance of counsel. It is well settled that this court will not address constitutional issues unless these are requisite to the disposition of a case. *See* Spears v. Spears, 95 Nev. 416, 596 P.2d 210 (1979); Union Pacific Railroad v. Adams, 77 Nev. 282, 362 P.2d 450 (1961).

We reverse the order of the district court granting the writ and expunging the results of the disciplinary hearing from respondent's record.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[3] concur.

---

[2]We recognize that the federal position is contrary to that taken by this court in *Sheply* and similar cases. *See e.g.,* Preiser v. Rodriquez, 411 U.S. 475 (1973), in which the Supreme Court acknowledged the appropriateness of the federal habeas corpus remedy to challenge future confinement. We find no compelling reason, here, however, to apply the federal approach. Note also that in *Preiser,* the petitioner had suffered *actual* forfeiture of good time credits—his loss, therefore, was not speculative.

[3]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.