WAYNE L. BOWEN, Appellant, *v.* WARDEN OF THE NEVADA STATE PRISON, Respondent.

No. 15240

August 24, 1984                    686 P.2d 250

*Thomas E. Perkins,* State Public Defender, and *Norman Y. Herring,* Special Deputy State Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General, and *Brooke A. Neilsen,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Inmate Wayne L. Bowen appeals from an order of the district court dismissing his post-conviction petition for a writ of habeas corpus. The petition challenged the constitutionality of a prison disciplinary proceeding which resulted in Bowen's being removed from the general prison population and placed in punitive segregation. The district court dismissed the petition on the ground that the challenge to punitive segregation spoke only to the conditions and not the validity of Bowen's confinement, and thus did not raise a claim for relief cognizable on habeas corpus. We agree and affirm.

We have repeatedly held that a petition for writ of habeas corpus may challenge the validity of current confinement, but not the conditions thereof. *See* Director, Dep't Prisons v. Arndt, 98 Nev. 84, 640 P.2d 1318 (1982); Rogers v. Warden, 84 Nev. 539, 445 P.2d 28 (1968); Rainsberger v. Leypoldt, 77 Nev. 399, 365 P.2d 489 (1961), *cert. denied,* 368 U.S. 516 (1962). In *Rogers,* we held that a claim of brutal treatment at the hands of prison officials was not cognizable on a habeas petition, because the claim spoke to the conditions and not the validity of confinement. In *Arndt,* we left open the specific question raised by this appeal, whether the imposition of a qualitatively more restrictive type of confinement within the prison, such as punitive segregation, may be challenged by a petition for writ of habeas corpus. We now hold that such a challenge speaks only to the conditions of confinement and therefore may not be raised by a habeas corpus petition. *See* Rogers v. Warden, *supra.*

The district court correctly ruled that the instant claim for relief was not cognizable in a habeas corpus proceeding. The order dismissing the petition is affirmed.[1]

---

[1]We need not reach appellant's ancillary claims that the disciplinary proceeding led to a loss of work time credit and to a subsequent denial of parole. Since the district court found no evidentiary basis for either claim, we need not decide the issue of whether these claims for relief were themselves properly raised in a habeas proceeding.