An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TOMAS VILLALOVOS,
Appellant,
vs.
THE STATE OF NEVADA IN
RELATION TO THE STATE OF
NEVADA DEPARTMENT OF
CORRECTIONS; JAMES COX; AND
RENEE BAKER, WARDEN,
Respondents.

No. 61378

**FILED**

APR 09 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Seventh Judicial District Court, White Pine County; Dan L. Papez, Judge.

On September 1, 2011, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district court challenging a prison disciplinary hearing, which resulted in a finding of guilt of G1 (disobedience of an order), MJ2 (assault), MJ3 (battery), MJ27 (rioting), MJ28 (work stoppage), and MJ10 (gang activities). Appellant was sanctioned to disciplinary segregation, restitution, and forfeiture of 980 days of statutory good time credits. Appellant claimed that he was deprived of due process at the prison disciplinary hearing because there

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10378

was not substantial evidence of his guilt, the reliability of other inmates was not independently evaluated, the hearing officer was not impartial, and the amount of credits forfeited was in excess of that permitted.[2]

Appellant failed to demonstrate a violation of due process because he received: (1) advance written notice of the charges; (2) written statement of the fact-finders of the evidence relied upon and the reasons for disciplinary action; and (3) a qualified right to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 563-69 (1974). Confrontation and cross-examination in prison disciplinary proceedings are not required because these procedures present "greater hazards to institutional interests." Id. at 567-68. Some evidence supported the decision by the prison disciplinary hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). Appellant failed to demonstrate that the hearing officer was not impartial due to "command influence," particularly in light of the fact that the hearing officer was assigned to a different facility than the associate warden who drafted the notice of charges. The amount of credits forfeited did not exceed that permitted by the Code.

---

[2]To the extent that appellant challenged his placement in disciplinary segregation and restitution, appellant's challenge was not cognizable in a petition for a writ of habeas corpus. See Bowen v. Warden, 100 Nev. 489, 686 P.2d 250 (1984); see also Sandin v. Conner, 515 U.S. 472, 486 (1995) (holding that the liberty interest protected by the Due Process Clause will generally be limited to freedom from restraint which imposes an atypical and signification hardship on the inmate in relation to the ordinary incidents of prison life).

N.D.O.C. A.R. 707.1(6)(H). Therefore, appellant failed to demonstrate that he was entitled to relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Gary Fairman, District Judge
      Tomas Villalovos
      Attorney General/Carson City
      Attorney General/Ely
      White Pine County District Attorney
      White Pine County Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.