An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY J. BURRIOLA,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 62552

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus (prison disciplinary).[1] First Judicial District Court, Carson City; James Todd Russell, Judge.

In his petition filed on November 13, 2012, appellant challenged a prison disciplinary hearing, which resulted in his forfeiture of statutory good-time credits. Appellant claimed that the charges were fabricated, he was not allowed to present a statement "to defend the collateral," the disciplinary hearing was not recorded in its entirety, he was not allowed to review evidence and was denied his right to witnesses,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27757

and he was denied an administrative appeal. The district court granted the State's motion to dismiss the petition for failure to exhaust administrative remedies. We conclude that the district court erred in failing to consider the petition on its merits,[2] but we affirm because the district court reached the correct result in dismissing the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

Appellant failed to demonstrate a violation of due process because he received: (1) advance written notice of the charges; (2) written statement of the fact finders of the evidence relied upon and the reasons for disciplinary action; and (3) an opportunity to present witnesses and evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). Confrontation and cross-examination are not required in prison disciplinary proceedings because these procedures present "greater hazards to institutional interests." *Id.* at 567-68. Some evidence supports the decision by the prison disciplinary hearing officer, *Superintendent v. Hill*, 472 U.S. 445,

---

[2]Because statutory credits affect the computation of time served, appellant's petition was governed by the post-conviction provisions of NRS 34.720-.830. *See* NRS 34.724(2)(c). Those provisions do not condition the availability of habeas review on the exhaustion of administrative remedies.

455 (1985), and therefore, appellant failed to demonstrate that he was entitled to relief.[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[3]To the extent that appellant challenged the grievance system and the denial of an administrative appeal, his claims were not cognizable in a petition for a writ of habeas corpus. *See Bowen v. Warden,* 100 Nev. 489, 686 P.2d 250 (1984).

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc:   Hon. James Todd Russell, District Judge
      Anthony J. Burriola
      Attorney General/Carson City
      Carson City District Attorney
      Carson City Clerk