An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRENT MORRIS,
Appellant,
vs.
GREG SMITH, WARDEN AT WARM
SPRINGS CORRECTIONAL CENTER,
Respondent.

No. 64755

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] First Judicial District Court, Carson City; James E. Wilson, Judge.

On September 18, 2013, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district court challenging a prison disciplinary hearing, which resulted in a finding of guilt of unauthorized use of the mail (MJ 31) and fees for legal services (MJ 29), and the forfeiture of 90 days of credit. Appellant claimed that he

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-19162

was deprived of due process because he did not receive timely notice of the charges, he was not allowed to present witnesses, there was not some evidence to support the charges, the hearing officer was biased, and the sanctions amounted to cruel and unusual punishment.[2]

Appellant failed to demonstrate a violation of due process because he: (1) received advance written notice of the charges; (2) received a written statement of the evidence relied upon and the reasons for disciplinary action; and (3) was provided a qualified right to call witnesses and present evidence.[3] *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). Appellant failed to demonstrate that the hearing officer was not impartial. Some evidence supports the decision by the prison disciplinary hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the sanctions

[2]To the extent that appellant challenged his placement in disciplinary segregation, appellant's challenge was not cognizable in a petition for a writ of habeas corpus. *See Bowen v. Warden*, 100 Nev. 489, 490, 686 P.2d 250, 250 (1984); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that liberty interest protected by the Due Process Clause will generally be limited to freedom from restraint which imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life).

[3]In regards to the latter, appellant did not request specific witnesses at the preliminary inquiry, and the hearing officer stipulated to the substance of the testimony that would have been presented.

imposed did not constitute cruel and unusual punishment. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc: Hon. James E. Wilson, District Judge
Brent Morris
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.