An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IAN ARMESE WOODS,
Appellant,
vs.
BRIAN E. WILLIAMS,
Respondent.

No. 65982

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus (prison disciplinary).[1]  Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

On November 8, 2013, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district court challenging a prison disciplinary hearing, which resulted in a finding of guilt of MJ44 (failure to submit to drug and/or alcohol screening), and the forfeiture of 90 days of credit.  Appellant claimed that he was deprived of due process because the prison disciplinary hearing officer disregarded appellant's medical evidence, he was denied counsel and an appeal, and he was denied the right to call witnesses.[2]

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]To the extent that appellant challenged his placement in disciplinary segregation or the loss of privileges, appellant's challenge was

*continued on next page...*

14-30882

Appellant failed to demonstrate a violation of due process because he did not contest that he received advance written notice of the charges and a written statement of the fact finders of the evidence relied upon and the reasons for disciplinary action, and appellant was not denied a qualified right to call witnesses and present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). Confrontation and cross-examination in prison disciplinary proceedings are not required because these procedures present "greater hazards to institutional interests." *Id.* at 567-68. Further, the hearing officer clearly considered appellant's medical evidence but rejected it as an excuse not to comply with administrative regulations.

Appellant also failed to demonstrate that he was illiterate or that complex issues were involved and, therefore, failed to demonstrate that he "should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Id.* at 570. Further, to the extent appellant claimed a due process violation in the prison appeals process, an institutional appeal is not a protected due process right. *See Sandin*, 515 U.S. at 486. Finally, as appellant conceded that he did not provide the urine sample as demanded, some evidence supports the decision by the hearing officer, *Superintendent v. Hill*, 472

---

...*continued*

not cognizable in a petition for a writ of habeas corpus. *See Bowen v. Warden*, 100 Nev. 489, 686 P.2d 250 (1984); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that liberty interest protected by the Due Process Clause will generally be limited to freedom from restraint which imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life).

U.S. 445, 455 (1985), and therefore, appellant failed to demonstrate that he was entitled to relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Adriana Escobar, District Judge
Ian Armese Woods
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk