An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH J. SCHIRO,
Appellant,
vs.
RENEE BAKER,
Respondent.

No. 66169

**FILED**

NOV 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court dismissing a post-conviction petition for a writ of habeas corpus.[1] Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

In his petition filed on June 18, 2012, appellant challenged a prison disciplinary hearing, which resulted in a finding of guilt for sexual assault (MJ 19) and the forfeiture of 300 days of credit. Appellant claimed that he was deprived of due process because he did not receive timely notice of the charges, he was not allowed to present witnesses, the charges were based on hearsay, and the sanctions amounted to cruel and unusual punishment.[2]

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]To the extent that appellant challenged his placement in administrative and disciplinary segregation, alleged retaliatory practices, and the conduct of the Office of the Inspector General, appellant's

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37891

Appellant failed to demonstrate a violation of due process because he: (1) received advance written notice of the charges; (2) received a written statement of the evidence relied upon and the reasons for disciplinary action; and (3) was provided a qualified right to call witnesses and present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). Confrontation and cross-examination in prison disciplinary proceedings are not required because these procedures present "greater hazards to institutional interests." *Id.* at 567-68. Thus, appellant had no right to call the victim as a witness or to learn the identity of another inmate who witnessed the assault. *See id.* While appellant discussed the possibility of calling character witnesses to testify that he was not homosexual, the prison disciplinary hearing officer considered the substance of the testimony that the witnesses would have offered and found that the testimony was not relevant because it would not have disproved that appellant assaulted his cellmate. Thus, appellant did not demonstrate that he was denied the opportunity to call witnesses or that the lack of character witnesses at his hearing deprived him of due process. To the extent that appellant challenged the evidence of his guilt, due process requires only that "some evidence" must support the disciplinary hearing officer's decision; this "some evidence" standard is met if there was "any

---

. . . *continued*

challenges were not cognizable in a petition for a writ of habeas corpus. *See Bowen v. Warden*, 100 Nev. 489, 490, 686 P.2d 250, 250 (1984); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that liberty interests protected by the Due Process Clause will generally be limited to freedom from restraint which imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life).

evidence in the record that could support the conclusion" of the hearing officer and does not require the district court to examine the entire record, make any credibility assessments, or weigh any of the evidence. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Here, some evidence supported the decision by the prison disciplinary hearing officer, *id.* at 455, and the sanctions imposed did not constitute cruel and unusual punishment. Therefore, appellant failed to demonstrate that he was entitled to relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Steve L. Dobrescu, District Judge
Kenneth J. Schiro
Attorney General/Ely
White Pine County Clerk