An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

HOWARD L. ELLIS A/K/A KENNETH
WILLY WILSON,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66069

**FILED**

NOV 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant filed his petition on March 28, 2014, more than ten years after issuance of the remittitur on direct appeal on September 25, 2007. *Ellis v. State*, Docket No. 48914 (Order of Affirmance, August 31, 2007). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1);

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Ellis v. State*, Docket No. 52635 (Order of Affirmance in Part and Dismissing Appeal in Part, August 18, 2009).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37430

NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that he had good cause due to an inadequate prison law library. Appellant failed to demonstrate that any inadequacies of the prison law library deprived him of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited by Lewis v. Casey*, 518 U.S. 343, 354-56 (1996). Appellant's previous proper person documents filed in the district court and in this court indicate that his access to the courts was not improperly limited by restrictions on use of the prison law library, lack of availability of legal materials, or due to prison law library policies. Accordingly, appellant failed to demonstrate that official interference caused him to be unable to comply with the procedural bars. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

Second, appellant claimed that his claims were not reasonably available prior to the filing of this petition. However, appellant's claims challenging the judgment of conviction were reasonably available to be raised in a timely petition, and therefore, appellant failed to demonstrate good cause to excuse the procedural bars. *See id.*

Next, appellant challenged conditions he will face when placed on parole. A petition for a writ of habeas corpus was not the proper vehicle to raise a challenge to parole conditions. *See Bowen v. Warden*, 100 Nev. 489, 490, 686 P.2d 250, 250 (1984). Therefore, appellant is not entitled to relief for this claim.

Finally, appellant challenged a prison disciplinary hearing in which he asserted he lost good-time credits. This claim challenged the

computation of time served and cannot be raised in a post-conviction petition for a writ of habeas corpus challenging the validity of the judgment of conviction. *See* NRS 34.738(3). However, the denial of this claim would be without prejudice, allowing appellant to properly and separately file a post-conviction petition for a writ of habeas corpus challenging the computation of time served in the county in which he is incarcerated. *See* NRS 34.724(1); NRS 34.738(1). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:　Hon. Douglas Smith, District Judge
　　　Howard L. Ellis
　　　Attorney General/Carson City
　　　Clark County District Attorney
　　　Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

Supreme Court
OF
Nevada

(O) 1947A