An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON GALL,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 66562



FILED

JUN 2 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

On August 26, 2013, appellant filed a pro se post-conviction petition for a writ of habeas corpus in the district court challenging a prison disciplinary hearing, which resulted in a finding of guilt of fighting, failing to follow rules or regulations, assault, and battery, and the forfeiture of 365 days of credit. Appellant claimed that he was deprived of due process because he was denied inmate counsel during the prison disciplinary hearing, he was not allowed to call the victim or the other inmate involved in the incident as witnesses, and no evidence supported the charges.[2]

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]To the extent that appellant challenged his placement in disciplinary segregation, appellant's challenge was not cognizable in a petition for a writ of habeas corpus. *See Bowen v. Warden*, 100 Nev. 489,

*continued on next page...*

15-19299

Appellant failed to demonstrate a violation of due process because he received advance written notice of the charges and a written statement of the evidence relied upon and the reasons for disciplinary action, and he was provided a qualified right to call witnesses and present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). The recording of the disciplinary hearing indicates that appellant declined to present witnesses. Further, appellant failed to demonstrate he was illiterate or that complex issues were involved, and therefore, he failed to demonstrate that he should have received the help of inmate counsel.[3] *Id.* at 570. Some evidence supports the decision by the prison disciplinary hearing officer, *Superintendent v. Hill,* 472 U.S. 445, 455 (1985), and therefore, appellant failed to demonstrate that he was entitled to relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

*...continued*
686 P.2d 250 (1984); *see also Sandin v. Conner,* 515 U.S. 472, 486 (1995) (holding that a liberty interest protected by the Due Process Clause will generally be limited to freedom from restraint which imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life).

[3]We further note that appellant declined the assistance of inmate counsel at the disciplinary hearing.

cc: Hon. Steve L. Dobrescu, District Judge
Jason Gall
Attorney General/Carson City
Attorney General/Ely
White Pine County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A