IN THE SUPREME COURT OF THE STATE OF NEVADA

TERESA ANN GREVELLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83579

FILED

SEP 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a petition for a writ of habeas corpus. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

The district court entered an order honorably discharging appellant from probation. Sixteen months later, the district court entered an order vacating the discharge from probation. The district court explained that it had mistakenly thought that appellant had paid restitution in full, notwithstanding that the petition for discharge noted that restitution had not been paid due to economic hardship. The district court reinstated appellant on probation. Appellant petitioned for a writ of habeas corpus, and the district court entered an order denying the petition and dishonorably discharging appellant from probation.

Appellant argues that the district court abused its discretion in reimposing probation after it had discharged her from probation. Appellant also argues that reimposing probation rendered an illegal sentence because it resulted in a term of supervision that exceeded the longest period permitted by NRS 176A.500. That is, appellant challenges aspects of the probationary term, not the validity of the underlying conviction.

The writ of habeas corpus provides recourse for "[e]very person unlawfully committed, detained, confined or restrained of his or her liberty, under any pretense whatever" in order "to inquire into the cause of such imprisonment or restraint." NRS 34.360. If the restraint is improper, the

22-28922

court must order the person's release. NRS 34.480. "A person who has been discharged from probation[ ] [i]s free from the terms and conditions of probation." NRS 176A.850(4)(a).

Appellant has been discharged from probation and thus is no longer subject to a restraint on her liberty that may be relieved through habeas corpus. *See* Nev. Const., art. 6, § 6(1) (limiting district court's jurisdiction to issue a writ of habeas corpus "on behalf of any person who is held in actual custody in their respective districts, or who has suffered a criminal conviction in their respective districts and has not completed the sentence imposed pursuant to the judgment of conviction"); *Cordova v. City of Reno*, 920 F. Supp. 135, 138 (D. Nev. 1996) ("[T]here is no reason to believe a Nevada court would entertain a petition for a writ of habeas corpus [pursuant to NRS 34.360] from one who is no longer incarcerated or otherwise confined or restrained."). Despite denying appellant's petition, the district court discharged appellant from probation, such that there is no further restraint on appellant's liberty for this court to remove, and this appeal is accordingly moot. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (recognizing that events occurring after filing may render the matter moot if they prevent the court from granting effective relief).

Appellant argues that the appeal is not moot, given the collateral consequences of a dishonorable discharge. We disagree. While a habeas challenge to the validity of a conviction that is filed before the petitioner's release may survive after the petitioner's release, *Martinez-Hernandez v. State*, 132 Nev. 623, 627, 380 P.3d 861, 864 (2016), the same reasoning does not sustain a challenge to an unlawful restraint after the petitioner is no longer restrained. In the former circumstance, a court may still provide relief from the invalid conviction, but in the latter

circumstance, the court can provide no further relief once the petitioner has already been released. *See Dir., Nev. Dep't of Prisons v. Arndt*, 98 Nev. 84, 86, 640 P.2d 1318, 1319 (1982) (providing that habeas requires "presently unlawful" detention); *Application of Rainsberger*, 77 Nev. 399, 402, 365 P.2d 489, 491 (1961) (observing that the inquiry under a habeas challenge to unlawful restraint "is limited to the question of whether or not [petitioner] is entitled to immediate release"). The possibility that the dishonorable discharge will lead to a future detention does not alter this conclusion. *See Arndt*, 98 Nev. at 86, 380 P.3d at 864 ("The threat of future restraint will not provide a basis for habeas corpus remedy."). We conclude that appellant has not shown that the appeal presents a live controversy on which we may grant some form of relief.[1]

Accordingly, we

ORDER this appeal DISMISSED.[2]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Cadish                                Gibbons

---

[1]We observe that a challenge to the district court's jurisdiction is properly raised through a petition for a writ of prohibition. We express no opinion as to whether such a petition would be appropriate under the circumstances presented.

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc:    Hon. Michael Montero, District Judge
       Jeffrie Ryan Miller
       Miller Law, Inc.
       Attorney General/Carson City
       Humboldt County District Attorney
       Humboldt County Clerk